Jose L Mendoza (014551)
LAW OFFICE OF JOSE L. MENDOZA, L.L.C.
722 East Osborn Rd., Ste. 400
Phoenix, Arizona 85014
Telephone: (602) 264-7600
Facsimile: (602) 274-8585
josemendoza100@hotmail.com
Attorney for Defendant

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | Case No. 22-CR-01032-PHX-JJT |
| vs. | ) | DEFENDANT' SENTENCING MEMORANDUM AND REQUEST FOR VARIANCE/DEPARTURE |
| Fredy Gutierrez-Valencia, | ) | |
| Defendant. | ) | |

COMES NOW Defendant, by through undersigned counsel, and respectfully moves this Court to grant a 2 level variance in this case and sentence defendant at a level 13, to one year and one day. Given the facts and circumstances of this case a term of incarceration of one year and one day would be sufficient, but not greater than necessary, to comply with all the factors set forth under 18 U.S.C. Sec. 3553(a).

**A. The Need for the Sentence Imposed to reflect the Seriousness of the Offense.**

The defendant's conduct in this case involves defendant making false statements for the purpose of purchasing firearms from local gun dealers. Defendant would purchase several guns at a time and re-sell them. Defendant would sell the firearms online, at gun shows and most often to people he would meet at gun stores looking to purchase a firearm at the same time defendant was there viewing firearms himself for possible purchases. He would tell store patrons that he was in possession of other firearms that they may be interested in and possibly at a lower price. Defendant did this from approximately December 2020 until February 2022.

1       Defendant at one point was contacted by ATF and informed by ATF that if he intended to sell firearms that he would have to become a Federal Firearms Licensee.  Defendant made a couple of attempts to obtain the FFL but had a difficult time with the process and ultimately gave up.  In August of 2022 defendant was indicted after purchasing approximately 74.

      Defendant recognizes that what he did was wrong and has accepted responsibility.  Defendant is extremely remorseful and understands the wrongfulness of his actions.  In speaking with defendant it is clear to Counsel that defendant is not only aware that what he did was wrong, but most important, he understands that what he did was wrong.  Defendant understands and regrets his decision to get involved to no end.

      Defendant comes before the Court for sentencing understanding that there is no excuse for his behavior.  However, before the Court makes its determination, defendant would like to shed some light on his background and the incident so that the Court can adequately evaluate him as a person and make an informed decision on his life and punishment.

      Defendant would like the Court to know that prior to his involvement in this matter he was a hard working law abiding citizen.  Defendant had previously graduated from high school and earned a basketball scholarship at Phoenix College.  He played at Phoenix College then went on to play at Grand Canyon University.  A back injury ended his playing career but with the help of his coach the school continued to honor his scholarship.  Defendant went on to graduate from Grand Canyon University and earned a bachelors degree in Sociology.

      Defendant has continuously been employed.  From 2009 through 2014 defendant was the manager for a juvenile group home.  Helping young kids learn life skills so that they can transition from incarceration to becoming self sufficient hard working individuals.  From 2014 to 2020 defendant was employed at Quail Run Mental Health Hospital as a behavioral health technician.  Finally in 2021 defendant was employed at St. Luke's Hospital once again as a behavioral health technician.

      Now defendant is before this Court at the age of 49 for his first and only felony offense.  When counsel sees cases such as this, and by this I mean a series of criminal activity all within a short period of time, there is always some triggering mechanism involved.  For defendant that triggering mechanism

was the loss of his family and his life as he knew it. In 2019 defendant arrived home from a weekend trip to find out that his wife had emptied the family home, the family saving account, taken their children and asked for a divorce.

This was basically the beginning of defendant's downward spiral in life. Defendant found himself in a deep state of depression so much so that at times he considered ending it all. Defendant experimented with a number of drugs and at times found himself passed out. It was by coincidence during this time that defendant realized that he could purchase guns on sale and re-sell them for a profit. Defendant had lost his job at St. Luke's Hospital and thought this would be a way to make some money.

It's easy for people to say how could you allow yourself to end up like this. How could you do this to yourself. The reality is that at the end of the day not everyone is strong enough or mentally equipped to endure all the pressure that life throws your way. Even those that believe that they are strong enough sometimes find themselves down this dark depressing road. Defendant hit rock bottom, and it has led him right to prison.

Defendant is not offering excuses for his behavior, he just would like the Court to get a look at how he ended up in this position. The reality of the situation is that no one who has led a law abiding life, with a wife and kids, and a good job decides that at the age of 47 that they want to start doing drugs and go into a life of crime.

**B. Defendant's Criminal History and Characteristics.**

Defendant is 49 years-old and has no prior felony convictions. Defendant's age and lack of criminal history favors a downward variance in this case. This was totally out of character for defendant. Defendant wants the Court to know that this is not the lifestyle that he lives. Getting involved in matters such as this was not the norm in his life. Looking back defendant cannot believe he let himself get involved in this incident.

**C. The Need to Provide an Adequate Deterrence to Criminal Conduct**

Most people are firm believers that the punishment should fit the crime. But the punishment

should also fit the person as well.  There are a number of factors to take into consideration when formulating an adequate sentence.  That is the logic behind the factors set forth under 18 U.S.C. Sec. 3553(a).  So that the punishment can fit the person and the crime.  It is clear that there are some people that need a term of incarceration to impress upon them the wrongfulness of their actions and help deter them from future criminal activity.  Then there are those that simply need monitored supervision and guidance to help them stay in the right direction and not deviate from their path.

For this 49 year-old defendant, who lives with his mother with no criminal history, a sentence to one year and one day is a just punishment, sufficient enough to reflect the seriousness of the offense, to promote respect for the law and deter further criminal conduct.

**D. Conclusion**

The Pre-Sentence Report correctly calculated the defendant's total offense level and criminal history category I.  In mitigation this appears to be completely out of character for defendant.  The defendant has no prior criminal history.  The defendant has a history of being gainfully employed.  The defendant lives with his mother and stepfather. The defendant does have the support and structure of a caring family.   This case does not involve any physical injuries.

For these reasons defendant respectfully request that this Court grant a variance and sentence defendant to a term of imprisonment for one year and one day followed by a term of supervised release.

DATED this 3rd   day of March 2023.


 *s/ Jose L. Mendoza*
JOSE L. MENDOZA
Attorney for Defendant

4

ORIGINAL of the foregoing
transmitted by CM/ECF for filing
this 3rd day of March 2023   to:

Clerk of the Court
United States District Court
District of Arizona

COPY of the foregoing transmitted/mailed
this 3rd day of March 2023to:

United States District Court
District of Arizona

Sheila Phillips
Assistant United State's Attorney
United States Attorney's Office
405 West Congress Street, Suite 4800
Tucson, Arizona 85701

Rochelle Collins
United States District Court
Probation Office

*s/ Jose L. Mendoza*
JOSE L. MENDOZA
Attorney for Defendant

5